IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**OWEN RHODES; and**                                                                  **PLAINTIFFS**
**RHODES INVESTMENT, LLC**

**V.**                                                                          **NO. 4:22-CV-128-DMB-DAS**

**FDJ TRUCKING, LLC; FREDERICK**
**NICHOLS; CHADRICK JONES; and**
**JOHN DOES 1-10**                                                        **DEFENDANTS**

**OPINION AND ORDER**

Following the removal of this action from state court based on diversity jurisdiction, the plaintiffs moved to remand based on a stipulation signed by their counsel stating that the amount in controversy is below the jurisdictional threshold. Because the defendants have presented evidence demonstrating the amount in controversy is satisfied and because the stipulation is insufficient without the signature of the plaintiffs themselves to show they do not seek an amount over the jurisdictional threshold, remand will be denied.

**I**
**Procedural History**

On March 11, 2022, Owen Rhodes and Rhodes Investment, LLC filed a complaint in the Circuit Court of Washington County, Mississippi, against FDJ Trucking, LLC; Frederick Nichols; Chadrick Jones; and "John Does 1-10," asserting negligence claims arising from Jones allegedly running "a red light at an excessive rate of speed and caus[ing] … damage to [their] real estate and personal property." Doc. #2. The complaint seeks to recover an unspecified amount for "[p]ast, present and future" damages, including (1) lost income; (2) damages to real estate; (3) losses and damages to personal property; (4) lost rent; (5) loss of capacity to earn income; and (6) "[o]ther damages." *Id.* at 4.

The defendants removed the case to the United States District Court for the Northern District of Mississippi on August 10, 2022, alleging diversity jurisdiction. Doc. #1. With respect to the parties' citizenship, the defendants alleged the parties were completely diverse because FDJ Trucking "is a limited liability company" whose "members … Frederick Nichols, Danekins Rodgers, and Darrell Hoard, are all adult resident citizens of the state of Louisiana;" Jones is an "adult resident citizen[] of … Louisiana;" Rhodes "is an adult resident citizen of … Mississippi;" and Rhodes Investment, LLC "is a limited liability company organized and existing under the laws of … Mississippi with its principal place of business located in … Mississippi." *Id.* at 3–4. As to the amount in controversy, the defendants asserted that federal jurisdiction was not facially apparent from the complaint; in response to requests for admission, the plaintiffs denied they were seeking damages over $75,000; despite this denial, on July 19, 2022, the plaintiffs "submitted a settlement demand in the amount of $100,000.00;" and based on this demand, the defendants "could first ascertain that the Plaintiffs were seeking over $75,000.00" such that removal was timely. *Id.* at 2–3.

Because "the party asserting jurisdiction must specifically allege the citizenship of every member of every LLC" and "the notice of removal fail[ed] to identify the members of Rhodes Investment, LLC, or make *any* allegations regarding their citizenship," the Court ordered the defendants to show cause why this matter should not be remanded. Doc. #3 at 2 (internal quotation marks omitted). Within the time allowed, the defendants filed an amended notice of removal identifying Rhodes as Rhodes Investment's sole member and alleging he is a citizen of Mississippi. Doc. #4 at 3–4.

On August 18, 2022, the plaintiffs filed a stipulation, signed by their counsel, stating that "the total amount in controversy for any and all claims, losses, injuries, or damages which will

2

be asserted by [them] in this action is less than $75,000.00" and "they will never seek to amend the Complaint or file any pleading in the future which requests damages in any amount in excess of $75,000.00 in connection with the incident giving rise to the instant action." Doc. #5. The same day, they filed a response to the Court's show cause order, stating that the "settlement negotiations … were obviously based on a mistake by [their] counsel" and after counsel "recognized his error[, he] responded to defense counsel that the amount in controversy was indeed less than $75,000.00 and amended the initial settlement demand." Doc. #7 at 1–2; *see* Doc. #7-3 at PageID 171.

The plaintiffs filed a motion to remand on October 11, 2022.[1] Doc. #13. The defendants filed a response opposing remand seven days later. Doc. #15.[2] The plaintiffs did not reply.

## II
## Standard

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[A]ny ambiguities are construed against removal because the removal statue should be strictly

---

[1] In violation of the Local Rules, the motion contains argument and legal citation, and is not accompanied by a supporting memorandum. *See* L.U. Civ. R. 7(b)(2)(B) & 7(b)(4). Even if remand was not denied on the merits, the motion would be denied for failure to comply with the Local Rules' procedural requirements.

[2] In violation of the Local Rules, the response is not accompanied by a supporting memorandum. *See* L.U. Civ. R. 7(b)(4). Since all parties have violated the Local Rules, the Court nevertheless reviews the motion on the merits in the interest of efficiency.

construed in favor of remand." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

### III
### Analysis

Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The parties do not dispute, and the Court does not question, whether complete diversity of citizenship exists. Rather, the plaintiffs argue that the amount in controversy is not satisfied because "federal court jurisdiction in regard to the amount in controversy is determined at the time the action was filed as shown by Plaintiffs' Complaint and the time of the removal which likewise shows the amount in controversy was less than $75.000.00 via the Plaintiffs' Stipulation." Doc. #13 at 2. The defendants respond that "at the time of removal it was facially apparent that the amount in controversy exceeded $75,000.00;" the post-removal stipulation is irrelevant because "the Fifth Circuit has ruled that stipulations that attempt to prevent removal must be filed prior to removal;" and the stipulation is further insufficient because it is not signed by the plaintiffs but by their counsel. Doc. #15.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). If the plaintiff contests the defendant's amount-in-controversy assertion by filing a motion to remand, "the court must decide by a preponderance of the evidence whether the relevant amount in controversy is met." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing

4

that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Id.*

Because the complaint in this case does not demand a specific amount in damages (or provide significant detail about the severity of the damage to the property), it is not facially apparent that the amount in controversy is over $75,000. So the defendants must submit evidence to support diversity jurisdiction. In this regard, they rely on (1) a July 19, 2022, letter received by their counsel from the plaintiffs' counsel stating that the plaintiffs were "agreeable to accept $100,000 for a full and final settlement," and (2) an accompanying "Summary of Damages" reflecting a total of $151,300.00 for lost rent income and building repairs. Doc. #1-6.

A post-complaint demand letter such as the one presented here is "exactly the 'other paper' [contemplated by 28 U.S.C. § 1446(b)(3)] which clarifies the removability of the action." *Swanson v. Hempstead*, 267 F. Supp. 3d 736, 740 (N.D. Miss. 2017). Since the plaintiffs' settlement demand exceeds the jurisdictional threshold, the defendants have shown federal jurisdiction exists.

The plaintiffs' post-removal stipulation[3] does not divest this Court of jurisdiction. As stated by the United States Supreme Court, "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). However, "the key characteristic about those stipulations is that they are legally binding on all plaintiffs." *Id.* District courts in Mississippi have required "that such a binding stipulation or affidavit … be made by the plaintiff himself as opposed to his counsel since the plaintiff could hire different counsel and later seek

---

[3] Doc. #13-2

more than $75,000." *Swanson*, 267 F. Supp. 3d at 740. Because the stipulation here is signed only by the plaintiffs' counsel, it "cannot and does not prevent [the plaintiffs] from being awarded a judgment of greater than $75,000" and thus is insufficient to determine "to a legal certainty that the amount in controversy is less than $75,000." *Id.* Remand is not warranted.

IV
**Conclusion**

The plaintiffs' motion to remand [13] is **DENIED**.

**SO ORDERED**, this 13th day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**